STEARNS v. STEARNS.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

RIGHT TO ALIMONY.
    The general rule that alimony will be awarded to a wife, in an action by the husband for an absolute divorce, where she denies her alleged guilt on oath, is not applicable to cases dishonestly contested, and where the denial is but formal and general, leaving the actual facts, testified to by reputable witnesses, and which establish her guilt, undenied and unexplained.

Appeal from special term, New York county.

Action by Franklin A. Stearns against Elizabeth A. Stearns. From an order awarding to defendant alimony pendente lite, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Joseph E. Bullen, for appellant.
Michael Schaap, for respondent.

BARRETT, J. The general rule undoubtedly is to award alimony in cases like the present, and almost as of course, where the defendant denies her alleged guilt on oath. It is well settled that the court will not try the merits upon conflicting affidavits. This rule, however, is subject to qualification where it clearly appears that the success of the husband in the action is inevitable. If the undisputed or unexplained facts show that the wife has no reasonable hope of success in her defense, the court will not compel the husband to support her, even pending the action. The wife, in applying for temporary alimony, if a defendant, must always show that she has a substantial defense to the suit. "This is required," as said in Nelson on Divorce and Separation (page 798), "to prevent imposition upon the court, and to protect the husband." In the present case the defendant's mere general denial of guilt is plainly false. It can only have been interposed to deceive the court, and to secure, unmeritoriously, the benefit of the ordinary rule. It appears from the affidavits of several apparently credible witnesses that the defendant has been living in open adultery with a man named Nahm. It is beyond question that she lived with this man, as his wife, at Miss Hoffman's house, in this city. She herself rented the room in this house, which she subsequently occupied with Nahm. Miss Hoffman and her sister, Mrs. Freeman, ultimately suspected her relations with Nahm, and compelled

her to remove from their premises. She was then arrested upon a charge made by Mrs. Freeman, of malicious mischief, in the alleged destruction of the furniture and carpets in the house. In the examination before the police magistrate, testimony was given showing that she had lived with Nahm, as his wife, in the house in question. The defendant then testified upon her own behalf, but failed to deny the accusations with regard to Nahm. The latter was also examined, and admitted that, although he was not the defendant's husband, he had lived with her, in Mrs. Hoffman's house, as her husband, and that he had there passed under the name of Stearns. All this appeared in the affidavits below, yet the defendant permitted these affidavits to remain undenied, nor did she ask leave to rebut or explain them. On the contrary, her learned counsel seemingly contented himself with the argument that these overwhelming affidavits were defective in a singular particular, namely, in not adequately identifying the defendant as the Mrs. Stearns who lived in Miss Hoffman's house, and who was examined in the police court. This criticism is without merit. The affiants positively depose that the person of whom they are speaking is the defendant in this action, and Mrs. Stearns has not ventured to depose to the contrary. Her identification is clearly and circumstantially shown, and her guilt follows beyond all reasonable doubt. To compel the plaintiff to support this woman pendente lite, under the extreme circumstances disclosed, would be to shut our eyes to demonstrated guilt, and to permit an abuse of the wholesome rule to which we have referred. That rule is justly applicable to honestly contested cases. It should not be extended to cases which are dishonestly contested, and where the denial of the charges is but formal and general, leaving the actual facts which establish guilt undenied and unexplained.

The order should therefore be reversed, and the motion denied. All concur.